[See Cases Nos. 16,881 and 16,879.]

## Case No. 16,881.

### In re VAN TUYL.

[2 N. B. R. 70 (Quarto, 25).] [1]

District Court, S. D. New York. Aug. 25, 1868.

BANKRUPTCY—BANKRUPT'S WIFE AS WITNESS—REFUSAL TO TESTIFY—EXAMINATION.

1. The wife of a bankrupt is not bound to appear and be examined, unless she is paid the usual and proper witness fees. The penalty for disobedience of the wife to attend and be examined is visited upon the bankrupt by refusing him a discharge.

2. Where the examination of a bankrupt under a previous order had been abruptly terminated by non-attendance of assignee's counsel, and an order for new examination was taken by assignee, under which the bankrupt refused to testify: *Held*, that the bankrupt was wrong in refusing to testify.

[For a prior proceeding, see Case No. 16,880.]

The undersigned register in bankruptcy, having in charge the proceedings in this bankruptcy, hereby certifies that on the 11th day of June, 1868, at eleven o'clock in the forenoon, the day and hour to which the foregoing examination in this bankruptcy of Andrew P. Van Tuyl, the said bankrupt, was adjourned at the office of the undersigned above mentioned, the undersigned was attended by the said Andrew P. Van Tuyl in person and by his counsel, and that James M. Tighe, the assignee of the estate and effects of the said bankrupt, by whom the said examination of the said bankrupt had been prosecuted, did not attend. And that the counsel for the said assignee having been sent for, and still not attending, the said Andrew P. Van Tuyl and his counsel left the office of the undersigned. The undersigned further certifies that on the 13th day of June, 1868, on the affidavit of B. F. Watson, hereto annexed, the

[1] [Reprinted by permission.]

undersigned granted and issued an order requiring Elizabeth Van Tuyl, the wife of the said Andrew P. Van Tuyl, to appear before the undersigned on the 17th day of June, 1868, at eleven o'clock in the forenoon, at the office of the undersigned, then and there to be examined in relation to the bankruptcy of the said Andrew P. Van Tuyl, according to the provisions of an act of congress known as the "Bankrupt Act [of 1867 (14 Stat. 517)]," which said order is hereto annexed. The undersigned further certifies that on the said 13th day of June, 1868, on the application of James M. Tighe, the assignee aforesaid, the undersigned granted and issued an order · requiring the said Andrew P. Van Tuyl, the bankrupt aforesaid, to attend before the undersigned at his office aforesaid on the 17th day of June, 1868, at twelve o'clock m., to submit to the examination required by the twenty-sixth section of the bankrupt act of March 2d, 1867, which said order is hereto annexed. The undersigned further certifies that on the said 17th day of June, 1868, at eleven o'clock in the forenoon, the said James M. Tighe, the assignee aforesaid, by Mr. Watson, his counsel, attended before the undersigned, and filed with the undersigned the affidavit of service on Elizabeth Van Tuyl, wife of the said Andrew P. Van Tuyl, of the order aforesaid, requiring the said Elizabeth Van Tuyl to attend before the undersigned on this day at eleven o'clock in the forenoon, to be examined as above recited, which affidavit is endorsed on said order. And the undersigned certifies that said Elizabeth Van Tuyl did not appear or attend before the undersigned as required by said order. The undersigned further certifies that on the said 17th day of June, 1868, at twelve o'clock noon, the said Andrew P. Van Tuyl in person, and by Mr. Brown, his counsel, attended before the undersigned; that the said James M. Tighe, the assignee aforesaid, by Mr. Watson, his counsel, also attended before the undersigned; that the said Andrew P. Van Tuyl, the said bankrupt, refused to submit to the examination required by the twenty-sixth section of the bankrupt act, insisting that the examination under the order of the 5th of June, 1868, having been discontinued, it was not competent for the assignee to require him to submit to any new or further examination. The question aforesaid, whether the said Elizabeth Van Tuyl, the wife of the bankrupt as aforesaid, was bound to appear and be examined pursuant to the requirement of the order aforesaid · above set forth, and the question, whether the said Andrew P. Van Tuyl was bound to attend and submit to an examination as required by the said order of the 13th day of June, 1868, are, at the request of the parties, hereby certified to the court. Isaac Dayton, Register.

Opinion of the register: The statute does not distinctly provide enforcing by compulsory process the attendance of the wife of the bankrupt, to the end that she may be examined as a witness The penalty for her disobedience of the order to be examined is visited upon the bankrupt by denying him a discharge, unless he prove to the satisfaction of ·the court that he was unable to procure the attendance of his wife. Other witnesses and the bankrupt himself, may, by warrant to the marshal, or by attachment for contempt, be compelled to attend to be examined. And as the wife is to be "examined as a witness," and if such process can be had against her, it can only be upon proof of service of the order to be examined, and of the payment or tender to her of the fees for travel and attendance, to which any other witness is entitled. It does not appear, by the affidavit of service of the order to be examined upon Mrs. Van Tuyl, that any fees were paid or tendered. The register is, therefore, of the opinion that, as between her and the assignee requiring her examination, she was not bound to attend before the register to be examined. Whether the bankrupt will be entitled to his discharge, notwithstanding his wife's disobedience of the order to be examined, is a question which can arise only on the return of the order to show cause why the bankrupt should not be discharged from his debts. With respect to the question whether the bankrupt ought to have submitted to an examination on the 17th day of June, 1868, the register is of the opinion that the bankrupt ought to have submitted to such examination. The right to examine the bankrupt, conferred by the twentieth section of the statute, is not to be abused, and when it appears that an order for the examination of the bankrupt is taken out merely for the purpose of harrassing the bankrupt, the court will, without doubt, sustain the bankrupt in refusing to submit to the examination. But such a purpose on the part of the assignee cannot be inferred from the circumstances of the present case. The examination under the previous order had been abruptly terminated by the accidental nonattendance of the assignee's counsel. The bankrupt did not manifest any unwillingness that the examination under that order should be resumed. As his examination had not been completed, the assignee was obliged to take out a new order. Under that new order, the bankrupt could very properly refuse to answer questions which he had already answered upon his examination under the previous order, but he had not the right peremptorily to refuse to submit to be examined at all.

BLATCHFORD, District Judge. Mrs. Van Tuyl was not bound to attend and be examined, as she was not paid the proper and usual witness fees. The bankrupt was wrong in refusing to submit to an examination under the order of June 13th.